UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON APPLEWHITE,

     Plaintiff,

     -vs-                                Case No.

FCA US LLC, a Delaware limited liability
Company,

     Defendant.

---

Darcie R. Brault (P43864)
McKnight, Canzano, Smith,
Radtke & Brault, P.C.
Attorneys for Plaintiff
423 N. Main St. Ste. 200
Royal Oak, MI 48220
(248) 354-9650
dbrault@michworkerlaw.com

---

## COMPLAINT AND JURY DEMAND

     Plaintiff, Damon Applewhite, by his counsel, McKnight, Canzano, Smith,

Radtke & Brault, PC, states as follows as his Complaint against Defendant FCA US

LLC:

### JURISDICTION AND VENUE ALLEGATIONS

     1.     This is an action brought for defendants' violations of the Americans

with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12101, *et seq*, Title VII of

the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*, the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL § 37.1101, *et seq*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101, *et seq.*

2.     This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States.

3.     This court has ancillary jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Plaintiff Damon Applewhite is a resident of the City of Detroit, Wayne County, State of Michigan.

5.     Defendant FCA US LLC ("FCA") is a Delaware limited liability company.

6.     The events giving rise to this cause of action occurred in the City of Warren, State of Michigan.

## GENERAL ALLEGATIONS

7.     Plaintiff Applewhite is African American.

8.     Plaintiff Applewhite was employed by Defendant FCA beginning in 1993 as an Assembler.

9.     Applewhite suffered a left arm laceration in 2005 which resulted in permanent nerve damage and limited use of his left arm.

10.     Applewhite was also diagnosed with Complex Regional Pain Syndrome, or "CRPS," Type II.

11.     Since 2005, Applewhite had restrictions relative to the use of his left arm, including, as of 2015: No use of left arm.

12.     Applewhite worked consistently over many years with the restrictions in place, though he was often scrutinized and questioned regarding his abilities, particularly by his Supervisor, Terry Wyka.

13.     FCA, including Wyka, treated Plaintiff differently compared to Caucasian employees with work restrictions, holding Plaintiff to a higher standard and requiring more substantiation of his condition and restrictions.

14.     FCA, including Wyka, favored Caucasian employees for work assignments and overtime.

15.     On several occasions, Applewhite complained that he was denied job opportunities and overtime opportunities because of his disability and restrictions, and later because he complained.

16.     FCA failed to investigate Applewhite's complaints.

17.     Wyka responded to Applewhite on one occasion, "What did you think I was going to do after you wrote that [complaint]?"

18.     On May 3, 2016, Wyka assigned Applewhite to a job that violated his restrictions.

19.     When Applewhite advised that the job could not be done within his restrictions, Wyka told Applewhite he would do everything he could to "get rid" of Applewhite.

20.     Wyka told Applewhite to leave the plant and that there was no work available for him.

21.     There were jobs available which Applewhite could have performed.

22.     Applewhite was forced into medical leave of absence beginning May 4, 2016.

23.     Applewhite was capable of working with a reasonable accommodation during the entire medical leave of absence.

24.     FCA failed to engage in a good faith interactive accommodation process.

25.     On May 10, 2016, Applewhite filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated against him on the basis of his disabilities, failed to accommodate his disability and discriminated against him on the basis of race.

26.     On June 9, 2016, FCA responded to the EEC charge.

27.     On January 25, 2017, the EEOC issued a "Notice of Right to Sue" letter to plaintiff. This suit was timely filed within ninety (90) days after the issuance of the "Notice of Right to Sue."

4

28.     Applewhite was returned to work in February of 2017, performing the same job he performed prior to his medical leave of absence.

29.     This Complaint is filed within the ninety days required under the "Right to Sue" letter issued by the EEOC.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
(Denial of a Reasonable Accommodation and Discrimination Based on Disability)

30.     Plaintiff incorporates by reference paragraphs 1 through 28 as fully set forth herein.

31.     Plaintiff was an individual with a disability because he had a physical impairment that substantially limited his ability to use his left arm, or had a record of such a disability, or was regarded as having such a disability by Defendant.

32.     Plaintiff was a "qualified individual with a disability" because he could perform the essential functions of his job with a reasonable accommodation. *See*, 42 U.S.C. § 12111(8).

33.     Defendant had actual and constructive notice of Plaintiff's need for a reasonable accommodation for his disabilities, and Defendant was required to provide Plaintiff with a reasonable accommodation that would allow him to perform the essential functions of his job and achieve an equal employment opportunity. 42 U.S.C. § 12111(9).

34.     Defendant failed to engage in an interactive process with Plaintiff. *See* 29 C.F.R. § 16302(o)(3).

35.     Defendant discriminated against Plaintiff, on the basis of his disability, when it denied him an appropriate and reasonable accommodation that would have allowed him to achieve an equal employment opportunity with Defendant, in violation of the ADA, 42 U.S.C. § 12112(5).

36.     Defendant further discriminated against Plaintiff because of his disability, to wit:

   a.  Failed to undertake an investigation of his complaints of discrimination and retaliation;

   b.  Refused to properly train Plaintiff regarding specific jobs;

   c.  Unfairly assigned Plaintiff to various jobs, including assigning temporary workers to jobs that Plaintiff could perform;

   d.  Unfairly scrutinized Plaintiff's work;

   e.  Denied Plaintiff overtime;

   f.  Improperly charged Plaintiff with overtime;

   g.  Refused to accommodate Plaintiff when jobs were available that Plaintiff could perform with his restrictions;

   h.  Threatened him with termination;

   i.  Forced Plaintiff onto a medical leave of absence; and

   j.  Other acts of discrimination yet to be discovered.

37.     These actions were taken against Plaintiff intentionally or with reckless disregard of his rights under the ADA.

38.     Plaintiff has suffered significant damages as a result of Defendant's intentional violations of the ADA.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

A.     Economic damages based on his lost wages and fringe benefits, both past and future;

B.     Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.     Punitive damages;

D.     Attorney fees and costs;

E.     Appropriate equitable relief, including an injunction against further discriminatory acts; and

F.     Such other relief as may be deemed appropriate at the time of final judgment.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
(Denial of a Reasonable Accommodation and Discrimination Based on Disability)

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as fully set forth herein.

40.     Plaintiff is and was an individual with a disability because he has a determinable physical characteristic, resulting from injury, which substantially limits one or more major life activity and is unrelated to his ability to his job qualifications; he has a history of said disability; and was and is regarded as having such a disability by Defendant. MCL § 37.1103.

41.     Plaintiff was a qualified individual with a disability because he could perform his job with or without a reasonable accommodation.

42.     Defendant employed Plaintiff and is an employer within the meaning of the PDCRA. MCL § 37.1201 (b).

43.     Defendant had actual and constructive notice of Plaintiff's need for a reasonable accommodation for his disabilities.

44.     Defendant failed to accommodate Plaintiff in violation of MCL § 37.1102 (2).

45.     Defendant discriminated against Plaintiff, on the basis of his disability, when it denied him an appropriate and reasonable accommodation that would have allowed him to achieve an equal employment opportunity with Defendant, in violation of MCL § 37.1102 (1).

46.     Defendant further discriminated against Plaintiff because of his disability in violation of MCL § 37.1102 (1), to wit:

> a. Failed to undertake an investigation of his complaints of discrimination and retaliation;

8

b.  Refused to properly train Plaintiff regarding specific jobs;

c.  Unfairly assigned Plaintiff to various jobs, including assigning temporary workers to jobs that Plaintiff could perform;

d.  Unfairly scrutinized Plaintiff's work;

e.  Denied Plaintiff overtime;

f.  Improperly charged Plaintiff with overtime;

g.  Refused to accommodate Plaintiff when jobs were available that Plaintiff could perform with his restrictions;

h.  Threatened him with termination;

i.  Forced Plaintiff onto a medical leave of absence; and

j.  Other acts of discrimination yet to be discovered.

47.    Plaintiff has suffered significant damages as a result of Defendant's intentional violations of the PDCRA.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

A.    Economic damages based on his lost wages and fringe benefits, both past and future;

B.    Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.    Attorney fees and costs;

D.    Appropriate equitable relief, including an injunction against further discriminatory acts; and

E.     Such other relief as may be deemed appropriate at the time of final judgment.

## COUNT III
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

48.    Plaintiff incorporates by reference paragraphs 1 through 47 as fully set forth herein.

49.    Plaintiff engaged in protected activity under the ADA when he complained that he was not being appropriately accommodated and when he filed charges with the EEOC.

50.    FCA was aware of that protected activity.

51.    FCA took adverse action against Applewhite because of that protected activity, to wit:

a.  Failed to undertake an investigation of his complaints of discrimination and retaliation;

b.  Refused to properly train Plaintiff regarding specific jobs;

c.  Unfairly assigned Plaintiff to various jobs, including assigning temporary workers to jobs that Plaintiff could perform;

d.  Unfairly scrutinized Plaintiff's work;

e.  Denied Plaintiff overtime;

f.  Improperly charged Plaintiff with overtime;

g.  Refused to accommodate Plaintiff when jobs were available that Plaintiff could perform with his restrictions;

10

h.  Threatened him with termination;

i.  Forced Plaintiff onto a medical leave of absence; and

j.  Other acts of retaliation yet to be discovered.

52.    These actions were taken against Plaintiff intentionally or in reckless disregard of his rights under the ADA.

53.    Plaintiff has suffered significant damages as a result of Defendant's intentional violations of the ADA.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

A.    Economic damages based on his lost wages and fringe benefits, both past and future;

B.    Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.    Punitive damages;

D.    Attorney fees and costs;

E.    Appropriate equitable relief, including an injunction against further discriminatory acts; and

F.    Such other relief as may be deemed appropriate at the time of final judgment.

## COUNT IV
## RETALIATION IN VIOLATION OF THE PDCRA

54.    Plaintiff incorporates by reference paragraphs 1 through 52 as fully set forth herein.

55.    Plaintiff engaged in protected activity under the PDCRA when he complained that he was not being appropriately accommodated and when he filed charges with the EEOC. MCL § 37.2701

56.    FCA was aware of that protected activity.

57.    FCA took adverse action against Applewhite because of that protected activity, to wit:

      a.  Failed to undertake an investigation of his complaints of discrimination and retaliation;

      b.  Refused to properly train Plaintiff regarding specific jobs;

      c.  Unfairly assigned Plaintiff to various jobs, including assigning temporary workers to jobs that Plaintiff could perform;

      d.  Unfairly scrutinized Plaintiff's work;

      e.  Denied Plaintiff overtime;

      f.  Improperly charged Plaintiff with overtime;

      g.  Refused to accommodate Plaintiff when jobs were available that Plaintiff could perform with his restrictions;

      h.  Threatened him with termination;

      i.  Forced Plaintiff onto a medical leave of absence; and

      j.  Other acts of retaliation yet to be discovered.

58.     These actions were taken against Plaintiff intentionally or in reckless disregard of his rights under the PDCRA.

59.     Plaintiff has suffered significant damages as a result of Defendant's intentional violations of the PDCRA.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

A.     Economic damages based on his lost wages and fringe benefits, both past and future;

B.     Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.     Attorney fees and costs;

D.     Appropriate equitable relief, including an injunction against further discriminatory acts; and

E.     Such other relief as may be deemed appropriate at the time of final judgment.

**COUNT V**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
(Race Discrimination)

60.     Plaintiff incorporates by reference paragraphs 1 through 59 as fully set forth herein.

61.     Title VII prohibits race discrimination in employment.

62.     FCA is an employer within the meaning of Title VII.

63.     FCA violated Title VII by:

a.  Unfairly scrutinizing Plaintiff's work;

b.  Treating him less favorably compared to Caucasian workers in job assignments, training opportunities, overtime and other terms and conditions of employment;

c.  Treating Plaintiff with suspicion and doubt with respect to his disability, restrictions and requested accommodation in a manner not used with Caucasian employees; and

d.  Other acts of discrimination not yet known to Plaintiff.

64.  The above-described violations of Title VII were intentional or in reckless disregard of Applewhite's federally protected rights.

65.  As a direct and proximate result of the aforementioned violations, Applewhite has been damaged.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

A.  Economic damages based on his lost wages and fringe benefits, both past and future;

B.  Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.  Punitive damages;

D.  Attorney fees and costs;

E.  Appropriate equitable relief, including an injunction against further discriminatory acts; and

F.  Such other relief as may be deemed appropriate at the time of final judgment.

14

## COUNT IV
## VIOLATIONS OF MICHIGAN'S ELLIOT LARSEN CIVIL RIGHTS ACT
(Race Discrimination)

66.     Plaintiff incorporates by reference paragraphs 1 through 65 as fully set forth herein.

67.     Michigan's ELCRA prohibits race discrimination in employment.

68.     FCA violated the ELCRA by:

    a.  Unfairly scrutinizing Plaintiff's work;

    b.  Treating him less favorably compared to Caucasian workers in job assignments, training opportunities, overtime and other terms and conditions of employment;

    c.  Treating Plaintiff with suspicion and doubt with respect to his disability, restrictions and requested accommodation in a manner not used with Caucasian employees; and

    d.  Other acts of discrimination not yet known to Plaintiff.

69.     Plaintiff has suffered significant damages as a result of FCA's intentional violations of the ELCRA.

WHEREFORE Plaintiff Applewhite respectfully requests this Court to enter a judgment in his favor and against Defendant as follows:

    A.     Economic damages based on his lost wages and fringe benefits, both past and future;

    B.     Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

    C.     Attorney fees and costs;

D.   Appropriate equitable relief, including an injunction against further discriminatory acts; and

E.   Such other relief as may be deemed appropriate at the time of final judgment.

Respectfully submitted,

McKNIGHT, CANZANO, SMITH
RADTKE & BRAULT, P.C.

By:___/s/ Darcie R. Brault_____
Darcie R. Brault (P43864)
Attorneys for Plaintiff
423 N. Main St., Suite 200
Royal Oak, MI  48067
(248) 354-9650
dbrault@michworkerlaw.com

March 29, 2017

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

McKNIGHT, CANZANO, SMITH
RADTKE & BRAULT, P.C.

By:___/s/ Darcie R. Brault_____
Darcie R. Brault (P43864)
Attorneys for Plaintiff
423 N. Main St., Suite 200
Royal Oak, MI  48067
(248) 354-9650
dbrault@michworkerlaw.com

Dated: March 29, 2017