UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON APPLEWHITE,

        Plaintiff,

v.

FCA US LLC,

        Defendant.
_____/

Case No. 4:17-cv-11132
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

### ORDER DENYING IN PART DEFENDANT'S MOTIONS FOR PROTECTIVE ORDER (DE 46) and TO STRIKE (DE 55) and DIRECTING THE CLERK OF THE COURT TO UNSEAL EXHIBIT D (DE 53-5)

This matter is before the Court for consideration of: **(1)** Defendant's November 8, 2016 motion for a protective order (DE 46), regarding which Plaintiff filed a response and Defendant filed a reply (DEs 53, 54); and, **(2)** Defendant's November 28, 2018 motion to strike Exhibit D of Plaintiff's response brief (DE 55), regarding which Plaintiff filed a response (DE 58).

Judge Parker referred these motions to me for hearing and determination. On December 21, 2018, the date set for hearing, attorneys Darcie R. Brault and Deborah L. Brouwer appeared in my courtroom. Having considered the motion papers and listened to the oral argument from counsel, and consistent with my statements, findings and reasoning from the bench, all of which are incorporated herein by reference, Defendant's motion for protective order (DE 46) is **DENIED**

**IN PART**, as the material at issue – "personal and confidential performance evaluations of an individual not party to this litigation" – is discoverable. Fed. R. Civ. P. 26(b)(1). **No later than 5 p.m. on December 21, 2018**, Defendant shall produce copies of Mr. Wyka's performance evaluations at issue in this motion for **"ATTORNEYS' EYES ONLY"** (in addition to any "CONFIDENTIAL" designation made pursuant to the existing protective order (DE 35)), given the unique circumstances here, where Plaintiff is a current employee of Defendant and Mr. Wyka is Plaintiff's current supervisor. Plaintiff's counsel may not show this material to her client, nor may she discuss, share or summarize its contents with her client.

In addition, Defendant's motion to strike (DE 55) is **DENIED**, because, *inter alia*: **(1)** Defendant has not demonstrated its entitlement to this relief; **(2)** the stipulated protective order does not require it (DE 35); and, **(3)** the Court is not convinced that the facts compel or the law requires such relief. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.") (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). *See also* E.D. Mich. LR 5.3. and the Undersigned's Practice Guidelines on Protective Orders, which are accessible at www.mied.uscourts.gov. In the future, if either party wishes to file a matter that

has previously been designated "Confidential," the party must provide 5 days notice to opposing counsel, which will allow the parties to contemplate related motions or to submit to the Court a stipulated order to seal, which, of course, would still be subject to approval by this Court. Accordingly, the Clerk of the Court is directed to "unseal" the 31-page FCA Investigative Report (DE 53-5), which was temporarily sealed on December 4, 2018.

Finally, no costs are awarded, as the parties' presented valid arguments and the issues required a ruling from the Court.

**IT IS SO ORDERED.**

Dated: December 21, 2018       s/*Anthony P. Patti*
                Anthony P. Patti
                UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 21, 2018, electronically and/or by U.S. Mail.

                s/Michael Williams
                Case Manager for the
                Honorable Anthony P. Patti