UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON APPLEWHITE,

    Plaintiff,

v.

                                        Civil Case No. 17-11132
                                        Honorable Linda V. Parker

FCA US LLC,

    Defendant.
_____/

## OPINION AND ORDER ADDRESSING MOTIONS *IN LIMINE*
## (ECF NOS. 108, 109)

This lawsuit arises from Plaintiff Damon Applewhite's employment with Defendant FCA USA LLC ("FCA"). Plaintiff is an African American assembly plant worker who was medically restricted from using his left arm. On April 11, 2017, Plaintiff brought this action against Defendant, alleging disability discrimination, failure to accommodate, retaliation, and race discrimination. (ECF No. 1.) Following this Court's December 18, 2019 decision granting in part and denying in part Defendant's motion for summary judgment, the following claims of Plaintiff remain pending for trial:

    I.    Violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101 et seq. (Count I);

    II.    Violation of the Michigan's Persons with Disabilities Civil Rights Act ("PDCRA") M.C.L. §§ 37.1101 et seq. (Count II);

      III.    Retaliation in Violation of the ADA (Count III);

      IV.    Retaliation in Violation of the PDCRA (Count IV).

(Compl. ECF No. 1(capitalization removed).) The Court dismissed Counts V and VI alleging Defendant committed race discrimination. (*See* ECF No. 102.) Presently before the Court is Plaintiff's Comprehensive Motion to Suppress Evidence (ECF No. 108) and Defendant's Motion *in Limine* to Exclude Evidence of Alleged Racial Discrimination (ECF No. 109). The parties have fully briefed the motions. (ECF Nos. 112, 114, 115, 116.) The Court has scheduled this matter for trial on June 9, 2022. For the reasons that follow, the Court grants Plaintiff's and Defendant's motions *in limine*.

## I. Factual and Procedural Background

Defendant hired Plaintiff as a general laborer at the Warren Truck Plant in 1993. In February 2002, Plaintiff was injured while working for Defendant and Defendant was found to be liable for Plaintiff's injury under the Michigan's Workers' Disability Compensation Act. Since the injury, doctors restricted Plaintiff from using his left arm.

In 2011, Plaintiff began working as a Floater in the Quality Inspection Center with restrictions in place. Supervisors at FCA use flex charts, which indicate the tasks for which an employee previously received training, to assign Floaters to open tasks at the beginning of each shift. On May 2, 2016, a supervisor

assigned Plaintiff to the "Door Line". The Door Line assignment required repetitive use of Plaintiff's arms, and Plaintiff could not perform the assignment. Plaintiff informed the supervisor that the Door Line assignment caused him severe pain and reminded him of his medical restrictions. Plaintiff was then was removed from the specific assignment, where he finished the shift without issue.

On May 3, 2016, a supervisor again assigned Plaintiff to the Door Line. Plaintiff reminded him that the assignment was against his restrictions, and he was removed from the specific assignment. The supervisor checked the FCA medical system to confirm the restriction, then escalated the issue to other FCA supervisors and determined that all quality inspection tasks require the use of two arms. Plaintiff was told that no work was available for him, sent home, and placed on medical leave with sick and accident benefits. As a result, on May 10, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and was subsequently issued a Right to Sue letter on January 25, 2017. In February 2017, Plaintiff returned to work to perform the same job before his medical leave of absence. On April 11, 2017, Plaintiff timely filed this lawsuit.

## II. Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "A motion in limine is 'any motion, whether made before or during trial, to exclude

anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (citing *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).) "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n. 4. "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *Luce*, 469 U.S. at 41-42. Motions *in limine* may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal[.]" *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and

4

'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

## II. Analysis

### A. Plaintiff's Comprehensive Motion to Suppress (ECF No. 108)

The events relevant to this lawsuit began in May 2016, when Plaintiff argues that Defendant violated the ADA and PDCRA by placing him on medical leave and failing to accommodate his disability. Plaintiff returned to work in February 2017. Plaintiff seeks to prohibit FCA from admitting evidence regarding the following:

5

> A) Plaintiff's vacated 2006 convictions, B) Plaintiff's wrongful incarceration, C) Plaintiff's 2007 litigation against the Michigan Department of Corrections [("MDOC")], D) reference to Plaintiff's incarceration in his 2012 FCA complaint, any other related facts, including references that may be contained in other documents, e.g. medical records, E) Plaintiff's 2015 hospitalization and related facts, and F) that Plaintiff took a medical leave of absence beginning in 2020 for a neck injury, unrelated to his disability involved in this case.

(ECF No. 108 at Pg ID 1712.) In response, Defendant argues that these crucial events in Plaintiff's life are "other stressors" or "sources of emotional injury" relevant to Plaintiff's claims for noneconomic damages. (ECF No. 114 at Pg ID 1869.) Defendant further explains "the evidence [Plaintiff] seeks to erase from trial may not be relevant to whether he experienced discrimination, it is indeed relevant to his claim that [FCA] caused him emotional distress." (*Id.* at Pg ID 1868.) As such, Defendant argues that the evidence should be admitted.

The evidence Plaintiff seeks to exclude is neither directly relevant, as Defendant concedes, nor temporally relevant to Plaintiff's claims. (*See Id.*) Each event occurred prior or subsequent to the events giving rise to Plaintiff's claims. Defendant argues for inclusion of the prior or subsequent events citing various cases from the Sixth Circuit and district courts within the Circuit.[1] However, the

---

[1] *See Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 820 (6th Cir. 2007) (medical record evidence, that the plaintiff initially sought to introduce to show emotional distress and then argued was highly prejudicial because it identified an alternate source of emotional distress, was relevant to the plaintiff's mental state and admissible.); *Sherman v. Chrysler*, 47 F. App'x 716, 723 (6th Cir. 2002) (evidence

cases cited hold that the evidence sought to be admitted must either be directly or temporally relevant to plaintiff's claim. *See Downing v. JC Penney, Inc.*, No. 11-CV-15015, 2012 WL 5878225, at *2 (E.D. Mich. Nov. 21, 2012) (only lawsuits filed during the relevant time frame were temporally relevant and had a bearing on the issue of damages, but lawsuits filed after the time period were not relevant.).

Accordingly, the Court finds that Plaintiff's wrongful and vacated conviction in 2006, his subsequent release from incarceration in 2011, and any litigation stemming from his conviction are not directly or temporally relevant. Moreover, as specifically related to the vacated conviction, a conviction that has

---

of other lawsuits *during the same time period* was probative "to rebut [plaintiff's] claim that the primary cause of his emotional and familial stress — and hence his emotional damage — was his ongoing difficulty with [his employer].") (emphasis added); *Bryant v. Martinez*, 46 F. App'x 293, 297-298 (6th Cir. 2002) (prior unfavorable administrative decisions where the plaintiff concedes that the evidence was directly relevant but prejudicial was admissible); *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547 (S.D. Ohio 2014) ("Other stressors in [p]laintiff's life *at the time of the alleged discrimination*—especially those that may have caused sleep deprivation—are relevant.") (emphasis added); *Kennedy v. Cingular Wireless, LLC*, No. 206-CV-0975, 2007 WL 2407044, at *2 (S.D. Ohio Aug. 20, 2007) ("[M]edical records which might tend to show other stressors in the life of the plaintiff *at or about the same time* and which could account for some or all of the emotional suffering which the plaintiff has undergone are discoverable.") (emphasis added); *Jones-McNamara v. Holzer Health Sys., Inc.*, No. 2:13-CV-616, 2015 WL 196415, at *2 (S.D. Ohio Jan. 15, 2015) (quoting *Langenfeld*, 299 F.R.D. at 554) ("It would be fundamentally unfair to allow [p]laintiff to assert that [d]efendant's actions caused her mental distress, but not allow [d]efendant to explore another stressor that all parties agree was *present at or around the same time*.") (emphasis added)).

7

been the subject of a pardon, annulment or other equivalent procedure is inadmissible under Federal Rule of Evidence 609(c). The Court finds that a vacated conviction is a procedure that is equivalent to the listed procedures in Rule 609(c) and as such is inadmissible.

Likewise, Plaintiff's 2015 hospitalization and 2020 medical leave of absence for a neck injury, are not relevant to the claims in this case and are excluded under Rules 401 and 402.

Finally, the Court finds that the evidence of unrelated medical history and contact with the criminal justice system unnecessarily stigmatizes the Plaintiff and would very likely confuse the jury and could result in mini-trials on these issues. Thus, such evidence is more prejudicial than probative and is excluded under Rule 403.

### B. Defendant's Motion *in Limine* (ECF No. 109)

Defendant seeks to preclude Plaintiff from introducing evidence of alleged racial discrimination. Plaintiff concedes "that he raised claims of race discrimination in his Complaint in Counts V and VI, [(ECF No. 1)] and that those claims were dismissed by this Court on Defendant's Motion for Summary Judgment, [(ECF No. 102)]." (ECF No. 112 at Pg ID 1849.) However, Plaintiff argues that the Court's exclusion of these claims "is not a basis to exclude all

mention of race and Plaintiff's concerns about race from trial." (*Id.* at Pg ID 1850.)

The Court finds that Plaintiff's alleged race discrimination is irrelevant to his ADA and PDCRA claims, and any reference to such at trial shall be excluded under Rule 402. However, if the evidence supporting the dismissed claims relates to alleged ADA and PDCRA violations, that evidence would be properly presented to the jury. *See Crockett v. Ford Motor Co.*, No. 12-CV-13869, 2016 WL 949211, at *3 (E.D. Mich. Mar. 14, 2016) ("To the extent that the evidence underlying the dismissed claims also relates to alleged conduct by [employer] that could have contributed to a hostile work environment, that evidence (and related argument) would properly be presented to the jury.")

Accordingly,

**IT IS ORDERED** that Plaintiff's Comprehensive Motion to Suppress Evidence (ECF No. 108) and Defendant's Motion *in Limine* to Exclude Evidence of Alleged Racial Discrimination (ECF No. 109) are **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 16, 2022